# Exhibit A

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 31886569
2024PR000527
FILEDATE: 3/19/2025 10:45 AM
Date Submitted: 3/19/2025 10:45 AM
Date Accepted: 3/20/2025 9:25 AM
DP

| | | |
|---|---|---|
| LOUANN GALLOWAY-BELLIS, | ) | |
| as the Independent Administrator of the | ) | |
| Estate of Robert M. Bellis, Deceased, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No: 2024 PR 000527 |
| v. | ) | |
| | ) | Honorable Judge Paul M. Fullerton |
| AMY BELLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## PETITION FOR DECLARATORY JUDGMENT

NOW COMES the Petitioner, LOUANN GALLOWAY-BELLIS, as the Independent Administrator of the Estate of Robert M. Bellis, Deceased (hereinafter "LOUANN"), by and through her attorney, Monika M. Blacha of Blacha Law Office, and for her Petition for Declaratory Judgment, pursuant to 755 ILCS 5/2-701, against the Respondent, AMY BELLIS (hereinafter "AMY"), states and alleges as follows:

## FACTUAL BACKGROUND

1.  That the Estate Administrator LOUANN was the wife of the Decedent.

2.  That the Decedent died on May 19, 2024, in Oregon while a resident of DuPage County, Illinois.

3.  Decedent was survived by his wife, LOUANN (the administrator) and two (2) children, namely Thomas Bellis and Lucas Bellis.

4.  Decedent had been previously married to the Respondent, AMY BELLIS (hereinafter "AMY"), but a Judgment of Legal Separation was entered on June 2, 2005. Attached hereto and incorporated herein as "**Exhibit A**".

Doc ID: 3ea481051514ae5ed769b951f528d5d75a3cf33d

5.    That a Judgment for Dissolution of Marriage between the deceased and AMY was entered on May 1, 2017, which incorporated the previous Judgment of Legal Separation. Attached hereto and incorporated herein as "**Exhibit B**".

6.    That both orders expressly revoked any right of the Respondent to the Decedent's estate.

7.    That at the time of his death, the Decedent maintained a retirement account known as the Walsh Profit Sharing Plan.

8.    That following the Decedent's death, the aforementioned Walsh Profit Sharing Plan (hereinafter "Walsh PSP") became the property of the Estate.

9.    That AMY is wrongly listed as the beneficiary of the Decedent's Walsh PSP.

10.    That LOUANN is afraid of AMY due to several domestic incidents, evidenced by a 2021 guilty plea to domestic battery. As such, LOUANN has not attempted to contact AMY to resign her interest and asks that the court enter an order granting the same.

11.    That AMY relinquished any present or future interest in the Walsh PSP, and that the plan should be properly attributed to the Estate.

## LEGAL AUTHORITY

12.    That *755 ILCS 5/2-701* states in pertinent part, as follows:

*"(a) No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental*

Doc ID: 3ea481051514ae5ed769b951f528d5d75a3cf33d

*regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested."*

13.     It is not necessary that the right be asserted before a motion for declaratory judgment can be filed, "In 26 C.J.S. Declaratory Judgments § 28, it is said: 'It is not essential to a proceeding for a declaratory judgment that there be a violation of a right, a breach of duty or a wrong committed by one party against the other. The mere existence of a cloud, the denial of a right, the assertion of an unfounded claim, the existence of conflicting claims, or the uncertainty or insecurity occasioned by new events may constitute the operative facts entitling a party to declaratory relief.'" Trossman v. Trossman, 24 Ill. App. 2d 521, 531–32, 165 N.E.2d 368, 373 (Ill. App. Ct. 1960).

14.     It is well established that *Velasquez* articulates a two-part test to determine whether contingent interests are extinguished under a marital settlement agreement: "1) whether the asset in dispute was specifically listed as a marital asset and awarded to a spouse; and (2) whether the waiver provision contained in the settlement agreement specifically states that the parties are waiving any expectancy or beneficial interest in that asset." In re Marriage of Velasquez, 295 Ill. App. 3d 350, 353, 692 N.E.2d 841, 844 (1998).

## ARGUMENT

15.     AMY's interests in the Walsh PSP were extinguished by the provisions of both the Judgment of Legal Separation was entered on June 2, 2005, and the Judgment for Dissolution of Marriage entered on May 1, 2017. Accordingly, the Walsh PSP should be allocated to and administered by the Estate.

16.     The Separation Agreement incorporated into the 2005 Judgment for Legal Separation states in relevant part:

Doc ID: 3ea481051514ae5ed769b951f528d5d75a3cf33d

"A. Husband shall keep as his sole property, free and clear of any interest of Wife all IRA accounts and all other retirement accounts in his name including but not limited to his Walsh Construction 401(k), *Walsh Profit Sharing Plan*, Lake County Welfare Annuity, Local 362 Cement Mason's Union Pension (a.k.a. Finisher's Union Pension), and Local 152 Laborer's Pension in New Mexico. Wife shall execute, upon demand by Husband, any and all documents necessary to effectively release any claim or interest held by her in those accounts." (emphasis added).

**Exhibit A**

17.     The Separation Agreement further states that "To the fullest extent by law permitted to do so, and except herein otherwise provided, each of the parties does hereby forever relinquish, release, waive and forever quit claim and grant to the other, his or her heirs, personal representatives and assigns, all rights of alimony, dower, inheritance, descent, distribution, community interest and all other right, title, claim interest and estate as husband and wife, widow or widower, or otherwise, by reason of the-marital relation existing between said parties hereto, under any present or future law, of which he or she otherwise has or might have or be entitled to claim in, to or against the property and assets of the other, real personal or mixed, or his or her estate, whether now owned or hereinafter in any manner acquired by the other party, or *whether in possession or expectancy, and whether vested or contingent.*" (emphasis added). **Exhibit A**

18.     Finally, the separation agreement outlines that " in the event any suit shall be commenced, this release, when pleaded, shall be and constitute a complete defense to any claim or suit so instituted by either party hereto; each party further agrees to execute, acknowledge and deliver at the request of the other party, his or her heirs, personal representatives, grantees devisees or assigns, any or all such deeds, releases or the instruments and further assurances as may be

Doc ID: 3ea481051514ae5ed769b951f528d5d75a3cf33d

required to effect or evidence such release, waiver relinquishment or extinguishment of such rights." **Exhibit A**

19.    By signing this agreement at the time of the 2005 judgment of separation and further incorporating this agreement into the 2017 judgment for dissolution of marriage, AMY knowingly extinguished any and all right to the outlined property, including the Walsh PSP.

20.    The separation agreement easily satisfies the first prong of the *Velasquez* test, as the Walsh PSP is clearly identified and allocated to the Decedent. The second prong of the test mirrors the exact wording that the court found to be sufficient in *Velasquez*, "The waiver provision included in the settlement agreement specifically and expressly applies to any interest "whether in possession or in expectancy and whether vested or contingent." Thus, the settlement agreement does contain an express waiver of Shirley's expectancy interest in the land trust." In re Marriage of Velasquez, 295 Ill. App. 3d 350, 354, 692 N.E.2d 841, 845 (1998). In fact, the wording in the separation agreement at hand is more extensive than the waiver in *Velasquez*.

21.    Further, *Roseblatt* mirrors the case at hand and the benefit in that case was also extinguished. The court opined, "where a marital settlement agreement specifically references property and assigns it to one spouse and also contains a release encompassing not only present but also future interests in property allocated pursuant to the agreement, the agreement is effective to extinguish the other spouse's expectancy interest even if the underlying document containing the beneficiary designation is not changed. See *Principal Mutual Life Insurance Co. v. Juntenen*, 189 Ill.App.3d 224, 228 (1989) (wife's interest as named beneficiary in husband's insurance policy waived where parties released any interest "beneficial or otherwise" in life insurance policies owned by the other)." Roseblatt v. Roseblatt, 2015 IL App (1st) 142755-U, ¶ 15.

Doc ID: 3ea481051514ae5ed769b951f528d5d75a3cf33d

22.     The court in *Roseblatt* elaborated, "[w]e agree with the conclusion in *Velasquez* that a specific waiver of any expectancy interest as to each identified asset is unnecessary given the all-encompassing language in the mutual general release with its waiver of all claims to property "whether in possession or expectancy and whether vested or contingent."" Roseblatt v. Roseblatt, 2015 IL App (1st) 142755-U, ¶ 18

23.     AMY is currently wrongly listed as the beneficiary of the Walsh PSP, and as such Walsh has refused to disburse the funds to the Estate absent a court order. It is therefore necessary for the court to enter a declaratory judgment extinguishing AMY's interests and establishing the Estate as the proper beneficiary of the Walsh PSP.

24.     LOUANN has incurred reasonable attorneys' fees and costs related to the preparation and bringing of this Petition.

**WHEREFORE,** the Petitioner, LOUANN GALLOWAY-BELLIS, as the Independent Administrator of the Estate of Robert M. Bellis, Deceased, respectfully requests this Honorable Court determine and adjudicate the rights and responsibilities of the parties to this action, and specifically requests the following relief of this Court:

A.      A judgment declaring the rights, duties, and legal relations of the Petitioner and Respondent with regard to the allocation of the Decedent's Walsh Profit Sharing Plan so that the Petitioner can proceed with the administration of the estate;

B.      That this Court finds and declares that the Judgement of Legal Separation, dated June 2, 2005, and the Judgement for Dissolution of Marriage, dated May 1, 2017, between the Decedent and the Respondent are valid and enforceable;

C.      That this Court finds and declares that the Respondent, AMY BELLIS, has forever released, relinquished and waived any and all expectancy interest in the Decedent's

Doc ID: 3ea481051514ae5ed769b951f528d5d75a3cf33d

Walsh Profit Sharing Plan, pursuant to the Judgement of Legal Separation and Judgment for Dissolution of Marriage;

D.    That this Court finds and declares that any and all interest of AMY BELLIS in the Decedent's Walsh Profit Sharing Plan is extinguished;

E.    Enjoining AMY BELLIS from asserting any claim to the Decedent's Walsh Profit Sharing Plan contrary to the Court's ruling;

F.    That this Court finds and declares that the sole and lawful beneficiary of the Decedent's Walsh Profit Sharing Plan is the Estate of Robert M. Bellis;

G.    Enjoining the plan administrator for the Walsh Profit Sharing Plan to take all action necessary to release and disperse any and all funds within the Decedent's Walsh Profit Sharing Plan to the Estate of Robert M. Bellis;

H.    That AMY BELLIS be solely responsible for the reasonable attorneys' fees and bringing of this Petition; and

I.    For such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

*Monika M. Blacha*

One of the Attorneys for
LOUANN GALLOWAY-BELLIS,
as the Independent Administrator of the
Estate of Robert M. Bellis, Deceased

Monika M. Blacha
Blacha Law Office
Naperville Corporate Center
1230 E. Diehl Rd., Ste. 325
Naperville, IL 60563
(630) 445-2355
Attorney No. 284158

Doc ID: 3ea481051514ae5ed769b951f528d5d75a3cf33d

## CLIENT'S VERIFICATION

Under penalties as provided by law pursuant to Supreme Court Rule 137 and §1-109 of the Code of Civil Procedure, the undersigned certifies that I have read the foregoing and within pleading, including the Attorney's Statement. I further state that the allegations contained in the foregoing, and within pleading, are true to the best of my knowledge, information and belief. I further state that I have provided to the attorney who has signed this document information which, to the best of my knowledge and belief, is true and correct. I further state that this pleading is being filed with my consent and as part of my attorney's required duties in representing me. I further state that my attorney has explained to me that by signing this verification, I am acknowledging that my attorney is acting with my consent and at my direction and that my attorney has based her actions and statements on the factual information provided by me.

*LouAnn Bellis*

LouAnn Galloway-Bellis

Monika M. Blacha
Blacha Law Office
Naperville Corporate Center
1230 E. Diehl Road, Suite 325
Naperville, IL 60563
(630) 445-2355
Attorney No.: 284158
*mblacha@blachalaw.com*

Doc ID: 3ea481051514ae5ed769b951f528d5d75a3cf33d

EXHIBIT COVER SHEET                                                    4393 (Rev. 1/25)

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**DUPAGE COUNTY, ILLINOIS**

LouAnn Galloway-Bellis, as Ind. Admin of the
Estate of Robert M. Bellis, deceased,

Plaintiff,

v.

Amy Bellis

Defendant,

Case Number
__2024PR527__

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 31886569
2024PR000527
FILEDATE: 3/19/2025 10:45 AM
Date Submitted: 3/19/2025 10:45 AM
Date Accepted: 3/20/2025 9:25 AM
DP

File Stamp Here

# EXHIBIT COVER SHEET
Local Court Rules 5.06 and 5.09

**EXHIBIT NAME:** Exhibits "A and "B"

## TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:

Petition for Declaratory Judgment

**Document File Date:** 3/19/2025

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** LouAnn Galloway-Bellis, as ind. admin of Estate of Robert M. Bellis, deceased
*(Case Party Name)*

Submitted by: Blacha Law Office

Name:    Monika M. Blacha          ☐ Pro Se
DuPage Attorney Number: 284158
Attorney for:   LouAnn Galloway-Bellis
Address: 1230 E. Diehl Rd., Suite 325
City/State/Zip: Naperville, IL 60563
Telephone Number: (630) 445-2355
Email:    mblacha@blachalaw.com

CANDICE ADAMS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS



IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DU PAGE COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:

ROBERT M. BELLIS,

        Petitioner,  )
                )  No. 04 D 1876
                )
v.             )  Honorable Thomas J. Riggs
                )
AMY E. BELLIS,      )  Room 3000
                )
        Respondent.  )

<u>JUDGMENT FOR LEGAL SEPARATION</u>

    NOW CAUSE coming before the Court pursuant to the verified Petition for Legal Separation filed by Petitioner, ROBERT M. BELLIS; the Petitioner appearing in open Court in his own proper person, and being represented by his attorney, JOHN L. FAY of FAY, FARROW & ASSOCIATES, P.C.; the Respondent, AMY E. BELLIS, being represented by her attorney, THOMAS F. SULLIVAN, of LAW OFFICES OF THOMAS F. SULLIVAN, JR.; Due notice having been provided the Respondent; the Court; being fully advised in the premises FINDS AS FOLLOWS:

    1. That this Court has jurisdiction over the parties hereto; Petitioner is a resident of the County of DuPage and State of Illinois for 90 days prior to bringing his Petition for Legal Separation; the Respondent has filed her appearance in this cause;

    2. That the Court has jurisdiction over the subject matter hereof;

    3. That the parties were lawfully married on August 30, 2003, in Long Grove, Illinois, and their marriage was duly registered in the County of Lake;

    4. That at the time this action was commenced, the parties were living separate and apart as a result of and in consequence of disputes and irreconcilable differences, and they have remained separate and apart through the date of this Judgment for Legal Separation;

    5. That as a result of their marriage, no children were born to the parties; that no children were adopted by the parties, and Respondent is not know pregnant;

    6. That Petitioner is employed by Walsh Construction located in Chicago, Illinois; that Respondent is employed by Walsh Construction located in Chicago, Illinois;



EXHIBIT

"A"

7. That the parties have agreed to allow the Court to adjudicate the distribution of marital and non-marital property between them; that there is an agreement executed by the parties dividing and otherwise disposing of the marital and non-marital property and obligations; that the parties have submitted said agreement to the Court for its incorporation into this Judgement for Legal Separation; that the Court has examined the proposed Separation Agreement dated May ___, 2005, which the parties have submitted to the Court as Petitioner's Exhibit No. 1, and same is attached hereto and incorporated herein; that the Court finds said Agreement was entered into freely and voluntarily by the parties; that the same is not unconscionable, that the same is fair, reasonable and equitable under the facts and circumstances of this case; that the Court has examined the attached Agreement and approves same.

WHEREFORE, on motion of the Petitioner, IT IS ORDERED:

A. That a Judgment of Legal Separation is granted.

B. That the Separation Agreement executed by the parties is approved and incorporated into this Judgment for Legal Separation.

DATED: 6 / 2 / 2005

ENTER: _____

JUDGE

JOHN L. FAY
FAY, FARROW & ASSOCIATES, P.C.
Attorney for the Petitioner
1730 Park Street, Suite 109
Naperville, Illinois 60563
(630) 961-0060
DuPage Attorney Number: 25003

052305

# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DU PAGE COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:      )
           )

**ROBERT M. BELLIS,**      )
           )   No.    04 D 1876
         Petitioner,    )
           )   Honorable Thomas J. Riggs
      v.          )
           )   Room  3000

**AMY E. BELLIS,**      )
           )
        Respondent.   )

## SEPARATION AGREEMENT

THIS AGREEMENT, made this ___2nd___ day of ~~May~~ June 2005, at Naperville, Illinois, by and

between ROBERT M. BELLIS, hereinafter referred to as "Husband", residing in Libertyville,

Illinois, and AMY E. BELLIS, hereinafter referred to as "Wife", residing in Warrenville, Illinois.

WHEREAS, the parties were lawfully married in Long Grove, Lake County, Illinois, on

August 30, 2003;

WHEREAS, the parties have been living separate and apart since ~~August 16, 2004~~ RMB June 1, 2005

WHEREAS, that the parties have been residing in separate residences since ~~May 16,~~ RMB June 1, 2005

and are presently living separate and apart from each other;

WHEREAS, that as a result of this matter, no children were born to or adopted by the

parties, and Wife is not now pregnant;

WHEREAS, in consequence of disputes and irreconcilable differences, the parties have

heretofore separated and are now and for some time have been living apart. In view of their


R.M.B.

1


A.E.B.

intention to live apart for the rest of their lives, they are desirous of settling their respective

property rights and agreeing on terms of the Wife and Husband's maintenance and to fully settle

other rights growing out of the marital or any other relationship now or previously existing

between them and to settle any rights to which either of them now has or may hereafter have or

claim to have against the other and all rights of every kind, nature and description which either of

them now has or may hereafter have or claim to have against the other, or in or to any property of

the other, whether real, personal or mixed, now owned, to which may hereafter be acquired by

either of them, or any rights or claims in and to the estate of the other;

WHEREAS, the parties have engaged in minimal discovery and are satisfied with the

extent of such discovery and are conversant with each other's income, assets and liabilities.

NOW, THEREFORE, in consideration of the mutual and several promises and

undertakings herein contained and for other good and valuable consideration, the receipt and

sufficiency of which is hereby acknowledged, the parties do hereby freely and voluntarily agree as

follows:

### ARTICLE I
### RIGHT OF ACTION

1. This Agreement is not one to obtain or stimulate a Dissolution of Marriage.

2. Husband reserves the right to prosecute any action for Dissolution of Marriage which

he may hereafter bring and defend any action which has been or may be commenced by Wife.

Wife reserves the right to prosecute any action for Dissolution of Marriage which she has brought

or may hereafter bring and defend any action which may be commenced by Husband.


R.M.B.

2


A.E.B.

### ARTICLE II
### MAINTENANCE

1.  Husband hereby acknowledges that he has sufficient income and assets, including the assets assigned to him under the terms of this Agreement, to provide for his own needs and sufficient to maintain his lifestyle. Husband hereby waives any and all claims or rights held or asserted by him for support, maintenance, or alimony, past present and future from Wife and he shall be forever barred from asserting any such claim against Wife either now or in the future in any court whatsoever.

2.  Wife hereby acknowledges that she has sufficient income and assets, including the assets assigned to her under the terms of this Agreement, to provide for her own needs and sufficient to maintain her lifestyle. Wife hereby waives any and all claims or rights held or asserted by her for support, maintenance, alimony, past, present and future from Husband and she shall be forever barred from asserting such claim against the other either now or in the future in any court whatsoever.

### ARTICLE III
### PROPERTY SETTLEMENT

**1. Real Property:**

A. The parties hereto acknowledge that the real property commonly known as: 3S570 Landon Drive, Warrenville, Illinois is and has always been Husband's non-marital property. As such, Husband shall keep as his sole property, free and clear of any interest of Wife the real property commonly known as: 3S570 Landon Drive, Warrenville, Illinois. Husband agrees to be solely responsible for the mortgage obligations, real estate taxes, insurance premiums, utility costs


R.M.B.

3


A.E.B.

and charges, assessments, maintenance upkeep and repairs on the aforementioned real property. Husband further agrees to save Wife harmless from any claims, actions or causes of action, directly or indirectly arising out of Husband's ownership, occupation, possession or use of said property. Wife shall immediately upon presentation, execute and deliver to Husband a quit claim deed conveying unto Husband any and all rights, title or interests she has or may have in and to the property commonly known as: 3S570 Landon Drive, Warrenville, Illinois. Wife shall have up to June 12, 2005 to remove all of her personal furnishing and belongings from the Landon Drive residence; time being of the essence with regard thereto. Following June 12, 2005, Wife shall no longer have access to 3S570 Landon Drive, Warrenville, Illinois.

B. Husband further acknowledges that Wife has purchased real property commonly known as: 3S625 Elizabeth Street, Warrenville, Illinois, and that Husband waives any right, title or interest in and to said property so owned by Wife. Wife agrees to be solely responsible for the mortgage obligations, real estate taxes, insurance premiums, utility costs and charges, assessments, maintenance upkeep and repairs on the aforementioned real property. Wife further agrees to save Husband harmless from any claims, actions or causes of action, directly or indirectly arising out of Wife's ownership, occupation, possession or use of said property. If necessary, Husband shall immediately upon presentation, execute and deliver to Wife a quit claim deed conveying unto Wife any and all rights, title or interests he has or may have in and to the property commonly known as: 3S625 Elizabeth Street, Warrenville, Illinois.

## 2. Furniture and Furnishings:

All of the furniture, furnishings and other personal property have been divided by the


R.M.B.

4


A.E.B.

parties prior to the date of this Agreement. The personal property in the possession of each party shall be the sole exclusive property of that party and the other party shall have no further right, title or interest therein.

### 3. Bank Accounts:

A. Wife shall keep as her sole property, free and clear of any interest of Husband, all of the funds and contents on deposit held by Wife in any bank or depository or safe deposit box and standing in her name or that of her nominee, or Wife and any third party, including Wife's checking and savings accounts at the Fifth Third Bank. Husband shall execute, upon demand by Wife any and all documents necessary to effectively release any claim or interest held by him in those accounts.

B. Husband shall keep as his sole property, free and clear of any interest of Wife, all of the funds and contents on deposit held by Husband in any bank or depository or safe deposit box and standing in his name or that of his nominee, or Husband and any third party, including but not limited to Husband's checking account at Fifth Third Bank. Wife shall execute, upon demand by Husband any and all documents necessary to effectively release any claim or interest held by her in those accounts.

### 4. Automobiles:

A. Upon the effective date of this Agreement Husband shall retain his non-marital 2002 Chevrolet Silverado vehicle as his sole and separate property, and Husband shall be solely responsible for any loan obligation on said automobile and hold Wife harmless from any claim resulting therefrom.


R.M.B.

5


A.E.B.

B. Upon the effective date of this Agreement, Wife shall retain her non-marital 2000 Nissan Pathfinder vehicle as her sole and separate property, and Wife shall be solely responsible for any loan obligation on said automobile and hold Husband harmless from any claim resulting therefrom

### 5. Retirement Accounts:

A. Husband shall keep as his sole property, free and clear of any interest of Wife all IRA accounts and all other retirement accounts in his name including but not limited to his Walsh Construction 401(k), Walsh Profit Sharing Plan, Lake County Welfare Annuity, Local 362 Cement Mason's Union Pension (a.k.a. Finisher's Union Pension), and Local 152 Laborer's Pension in New Mexico. Wife shall execute, upon demand by Husband, any and all documents necessary to effectively release any claim or interest held by her in those accounts.

B. Wife shall keep as her sole property, free and clear of any interest of Husband, IRA accounts and all other retirement accounts of hers including but not limited to any retirement account held in her name provided through her employment and her union pension plan. Husband shall execute, upon demand by wife any and all documents necessary to effectively release any claim or interest held by him in those accounts.

### 6. Individually Controlled Properties:

Except as otherwise provided for in this Agreement, each of the parties hereto agrees that each party shall have and retain sole and exclusive rights, title and interest, respectively, in and to each and all of the property in his or her possession or control upon the date of this Agreement, including in said property, but not limited by, all chooses in action as to third parties,


R.M.B.

6


A.E.B.

letters of credit, interest in insurance polices, tax shelters, licences, patents, copyrights, security interests in crop and mineral rights, chattels, pensions, profit sharing, retirement and disability benefit rights and all other property, both real and personal, together with any liabilities associated therewith.

### 7. Unknown Joint Properties:

If there is any property, real, personal, or mixed, which is unknown to the parties to this Agreement or is otherwise not disposed of by virtue of this Agreement and title to same is held in joint tenancy, tenancy in common or some other form of co-ownership, then at the written request of either party after discovery of same, said property shall be sold and the net proceeds received therefrom shall be divided equally between the parties.

### 8. Medical Insurance, Medical Expenses, Life Insurance:

A. Husband and Wife each agree to maintain their own health insurance coverage. Husband agrees to maintain Wife on his medical insurance plan through his employment as a secondary insurer subordinate to Wife's union medical benefits plan. Neither party shall have any any obligation whatsoever with regard to the medical, hospital, surgical, dental, orthodontic, optical, psychiatric, psychological, or other health related expenses of the other, past, present and future. In the event a Judgment for Dissolution of Marriage is entered between the parties hereto, the parties acknowledge that Husband's obligation to maintain Wife on his medical insurance plan through his employment shall terminate.

B. Each party is awarded as their sole and exclusive property any life insurance policy or policies each has on their own life. Neither party shall have any obligation to maintain life


R.M.B.

7


A.E.B.

insurance coverage on their own life for the benefit of the other party.

**9. Miscellaneous Personal Property:**

A. Wife shall keep as her sole property, free and clear of any interest held or claimed by Husband, all of the jewelry, clothing and personal belongings presently held or possessed by her. Husband shall execute, upon demand by wife any and all documents necessary to effectively release any claim or interest held by him in the aforementioned personal property.

B. Husband shall keep as his sole property, free and clear of any interest held or claimed by Wife, all of the jewelry, clothing and other personal belongings, presently held or possessed by him, including but not limited to his non-marital 1999 205 Fourwinns Boat and AUL Life Insurance Policy #16-1812396. Wife shall execute, upon demand by Husband any and all documents necessary to effectively release any claim or interest held by him in the aforementioned personal property.

**10. Miscellaneous:**

Husband shall buy out Wife's interest in all the marital assets of the parties and any claim Wife may have as and for maintenance past, present or future, by paying to Wife the sum of $25,000.00. Said sum shall be paid to Wife on or before May 23, 2005, and upon her receipt of said funds Wife acknowledges said payment to complete an equitable division of all marital assets between her and Husband and that same is also made to her in lieu of maintenance.

<u>**ARTICLE IV**</u>
<u>**WILLS**</u>

Except as otherwise provided in a last will and testament executed after the date of this


R.M.B.

8


A.E.B.

Agreement, each party waives, releases and relinquishes all rights to share in the estate of the other, regardless of whether the estate is administered as testate or intestate, and further waives, releases, and relinquishes all rights of the surviving spouse, including without limitation, the right to administer the estate, family allowance, homestead, personal property and all other exemptions and allowances provided by law.

**ARTICLE V**
**DEBTS AND OBLIGATIONS**

1. Any debts or obligations incurred shall be borne by the party incurring those debts, subject to the provisions of the Agreement. Each party further agrees to hold the other harmless and indemnified against any claim or action brought in connection with such debts assigned or allocated to them under this Agreement. The parties acknowledge that each is solely responsible for any debts or obligations existing in his or her own name at the time of the marriage of the parties hereto.

2. Wife shall save and hold Husband free, harmless and indemnified against all debts, liabilities and obligations of every kind and nature whatsoever which were incurred by her for the benefit of herself, for necessaries or otherwise, since August 16, 2004. Wife shall also hold Husband free, harmless and indemnified against all debts, liabilities and obligations of any kind or nature whatsoever, hereafter incurred by her for the benefit of herself for necessaries or otherwise.

3. Husband shall save and hold Wife free, harmless and indemnified against all debts, liabilities and obligations of every kind and nature whatsoever which were incurred by him for the benefit of himself, for necessaries or otherwise, since August 16, 2004. Husband shall also hold


R.M.B.


A.E.B.

Wife free, harmless and indemnified against all debts, liabilities and obligations of any kind or nature whatsoever, hereafter incurred by him for the benefit of himself for necessaries or otherwise.

**ARTICLE VI**
**ATTORNEY FEES**

Each party acknowledges that he or she is responsible for payment of his or her own attorney's fees and costs incurred in connection with these proceedings.

**ARTICLE VII**
**TAXES**

The parties agree to file separate Federal and State income tax returns for the calendar year 2005 and for all later years.

**ARTICLE VIII**
**GENERAL PROVISIONS**

1. **Execution of Documents:**

Except as otherwise provided, each of the parties hereto shall execute, acknowledge and deliver upon the effective date of this Agreement, good and sufficient instruments as necessary and proper to vest titles and estates in the respective parties hereto, as hereinabove provided, and thereafter, at any time and from time to time, execute, acknowledge and deliver any and all documents which may be necessary or proper to carry out the purposes of this Agreement and establish of record the sole and separate ownership of the several properties of said parties in the manner herein agreed and provided. If either party hereto for any reason shall fail or refuse to execute any such documents, then this Agreement shall, and is hereby expressly declared to, constitute a full and present transfer, assignment and conveyance of all rights hereinabove


R.M.B.

10


A.E.B.

designated to be transferred, assigned and conveyed; and a full, present and effective relinquishment and waiver of all rights herinabove designated to be relinquished and waived. To further implement the execution and delivery of any and all documents required for the transfer of real estate hereunder, the parties designate any judge or associate judge of the Circuit Court of DuPage County to execute and deliver any and all such documents in the place and stead of the party herein so obligated.

2. **Mutual Releases:**

To the fullest extent by law permitted to do so, and except herein otherwise provided, each of the parties does hereby forever relinquish, release, waive and forever quit claim and grant to the other, his or her heirs, personal representatives and assigns, all rights of alimony, dower, inheritance, descent, distribution, community interest and all other right, title, claim interest and estate as husband and wife, widow or widower, or otherwise, by reason of the marital relation existing between said parties hereto, under any present or future law, of which he or she otherwise has or might have or be entitled to claim in, to or against the property and assets of the other, real personal or mixed, or his or her estate, whether now owned or hereinafter in any manner acquired by the other party, or whether in possession or expectancy, and whether vested or contingent. Each party further covenants and agrees for himself or herself, his or her heirs, personal representatives and assigns, for the purpose of enforcing any or all of the rights relinquished under this Agreement. Each party further agrees that in the event any suit shall be commenced, this release, when pleaded, shall be and constitute a complete defense to any claim or suit so instituted by either party hereto; each party further agrees to execute, acknowledge and


R.M.B.

11


A.E.B.

deliver at the request of the other party, his or her heirs, personal representatives, grantees devisees or assigns, any or all such deeds, releases or the instruments and further assurances as may be required to effect or evidence such release, waiver relinquishment or extinguishment of such rights. Nothing herein contained shall operate or be construed as a waiver or release by either party to the other of the obligation on he part of the other to comply with the provisions of this Agreement, or the rights of either party under this Agreement.

3. **Waiver of Certain Rights:**

Except as herein otherwise provided, each of the parties hereto hereby waives and relinquishes all rights to act as personal representative, administrator or administrator-with-the-will-annexed of the estate of the other party. Each of the parties does further relinquish all right to inherit by intestate succession any of the property of which the other party may die seized or possessed, and should either of the parties hereto die intestate, this Agreement shall operate as a relinquishment of all right of the surviving party hereafter to apply for letters of administration in any form. The estate of such deceased party, if he or she dies intestate, shall descend to the heirs at law of such deceased party, in same manner as though the parties hereto had never been married; each of the parties hereto respectively, reserving the right to dispose, by testament or otherwise of his or her respective property in any way that he or she may see fit, without any restriction or limitation whatsoever. Nothing herein contained shall operate or be construed as a waiver or release by either party of the obligation of the other to comply with the terms of this Agreement.

4. **Incorporation into Decree:**


R.M.B.

12


A.E.B.

A. In the event either Wife or Husband at any time hereafter obtains a Decree of
Dissolution of Marriage, this Agreement and all of its provisions shall be incorporated into any
such Judgment or Dissolution, either directly or by reference. The court on entry of the
Judgment of Dissolution of Marriage shall retain the right to enforce the provisions and terms of
this Agreement which Agreement shall be binding upon and inure to the benefit of the heirs,
executors, administrators, assigns, devisees and grantees of the parties hereto.

5. **Governing Laws:**

This Agreement shall be construed in accordance with the laws of the State of Illinois,
entirely independent of the forum and political jurisdiction where it may come up for a
construction or enforcement. If a court of competent jurisdiction at any time after entry of a
Judgment for Legal Separation holds that a portion of this Agreement is invalid, the remainder
shall not be affected thereby and shall continue in full force and effect. The parties agree that
Illinois is the jurisdiction having the greatest interest in the subject matter of this Agreement in
that the Agreement was prepared and executed in Illinois, and that both Husband and Wife are
residents of Illinois. The parties choose and desire for the same of certainty as well as other
consideration to be bound by the laws of Illinois.

IN WITNESS WHEREOF, the Husband and Wife have hereunto set their respective
hands and seals the day and year first above written.

_____
ROBERT M. BELLIS/Husband and Petitioner

_____
AMY E. BELLIS/Wife and Respondent


R.M.B.

13


A.E.B.

FAY, FARROW & ASSOCIATES, P.C.
Attorney for the Petitioner
1730 Park Street, Suite 109
Naperville, Illinois 60563
(630) 961-0060
DuPage Attorney Number 25003



14



3



**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**DU PAGE COUNTY, ILLINOIS**

IN RE THE MARRIAGE OF:                    )
                                          )
ROBERT M. BELLIS,                         )
                                          )
                    Petitioner,           )
                                          )    No. 17 D 245
and                                       )
                                          )
AMY E BELLIS,                             )
                                          )
                    Respondent.           )

<u>JUDGMENT FOR DISSOLUTION OF MARRIAGE</u>

This matter coming on to be heard upon the verified Petition for Dissolution of Marriage of the

Petitioner, ROBERT M. BELLIS, by his attorney, JOHN L. FAY, of FAY, FARROW &

ASSOCIATES., P.C., against Respondent, AMY E. BELLIS, by her attorney, KEITH E.ROBERTS

of MOMKUS McCLUSKEY ROBERTS LLC;  the parties having stipulated to the grounds of

irreconcilable difference and waiving the statutory two year separation period thereby allowing this

matter to proceed as a default and uncontested matter, and the Court having considered all the

evidence as well as the settlement agreement of the parties presented in court,  and now being fully

advised in the premises FINDS AS FOLLOWS::

    A.    This Court has jurisdiction of the parties hereto and the subject matter hereof.

    B.    The Petitioner was a resident of the County of DuPage, State of Illinois at the time of

the filing of his Petition for Dissolution of Marriage and for more than ninety (90) days next preceding

the making of these findings.

1



C. That the parties were married on August 30, 2003 in Long Grove, Lake County, Illinois, and said marriage is registered there.

D. That no (0) children were born to or adopted by the parties, and that Respondent is not now pregnant.

E. Petitioner and Respondent have lived separate and apart for a continuous period in excess of six months, and have stipulated that irreconcilable differences have caused the irretrievable breakdown of the marriage. All efforts at reconciliation have failed and future attempts at reconciliation would be impracticable and not in the best interests of the family.

F. The parties have freely and voluntarily entered into a Marital Settlement Agreement which provides resolutions to matters concerning the questions of the maintenance of the parties, the respective rights of each party in and to the marital and non-marital property, among other issues, and which Agreement is fair, equitable and not unconscionable and the terms of which have been approved by this Court. The Marital Settlement Agreement is attached hereto as **Exhibit A** and made a part hereof as if it were set forth in full within the ordering part of said judgment.

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The parties are awarded a Judgment for Dissolution of Marriage, and the bonds of matrimony existing between the Petitioner, ROBERT E. BELLIS, and Respondent, AMY E. BELLIS, are hereby dissolved.

2

2. The Marital Settlement Agreement between the Petitioner and the Respondent which is attached hereto, is made a part of this Judgment for Dissolution of Marriage, and all of the provisions of said Agreement is expressly ratified, confirmed, approved and adopted as the order of this Court to the same extent and with the same force and effect as if said provisions were in this paragraph set forth *verbatim* as the judgment of this Court. Each of the parties hereto shall perform under the terms of said Agreement.

3. Each of the parties hereto will promptly, upon demand by the other party, execute and deliver to such other party any and all documents that may be necessary to effectuate and fulfill the terms of this judgment.

4. Any right, claim, demand or interest of the parties in and to maintenance for themselves, whether past, present or future, and in and to the property of the other, whether real, personal or mixed, of whatsoever kind and nature and wheresoever situated, including, but not limited by homestead, succession and inheritance, arising out of the marital relationship or any other relationship existing between the parties hereto, except as expressly set forth in the aforesaid Agreement, is forever barred and terminated.

3

5.    This Court expressly retains jurisdiction of this cause for the purpose of enforcing all

of the terms of this Judgment for Dissolution of Marriage, including all terms of the Marital

Settlement Agreement.

6.    That the Respondent is granted leave to resume the use of her former name of (Amy

E.) BROOKS, should she so choose.

Enter:

_____
                JUDGE

Dated: _May 1, 2017_____

John L. Fay
FAY, FARROW & ASSOCIATES, P.C.
1735 Park Street, Suite 109
Naperville, Illinois 60563
630-961-0060
Du Page Co. Attorney No. 25003

4

032517

# IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:                          )
                                                )
ROBERT M. BELLIS,                               )
                                                )
                        Petitioner,             )
                                                )   No. 17 D 245
v.                                              )
                                                )
AMY E. BELLIS,                                  )
                                                )
                        Respondent.             )

## MARITAL SETTLEMENT AGREEMENT

THIS AGREEMENT, made this ___1___ day of ___May___, 2017 by and between ROBERT

M. BELLIS, (hereinafter referred to as "Husband"), residing in Warrenville, Du Page County, Illinois,

and AMY E. BELLIS, (hereinafter referred to as "Wife"), residing in Grayslake, Illinois.

## WITNESSETH:

WHEREAS, the parties were lawfully married in Long Grove, Illinois, on August 30, 2003;

WHEREAS, unfortunate and irreconcilable differences have arisen between the parties, as a

result of which they ceased living together as husband and wife for a period in excess of six

consecutive months;

WHEREAS, no children were born to or adopted by the parties and Wife is not now pregnant;

WHEREAS, a Judgment for Legal Separation was entered between the parties in Du Page

County, Illinois on June 2, 2005 under docket number 04 D 1876;


**Initials**

**Initials**

**WHEREAS,** the Husband has filed against the Wife an action for Dissolution of Marriage in the Circuit Court for the Eighteenth Judicial Circuit, Du Page County, Illinois under Docket No. 17 D 245  This case is entitled In re the Marriage of Robert M. Bellis, Petitioner, and Amy E. Bellis, Respondent, and that case remains pending and undetermined;

**WHEREAS,** the parties hereto consider it in their best interests to settle between themselves now and forever the matter of maintenance for the Wife and the Husband and to fully settle rights of property of the parties, other rights growing out of the marital or any other relationship now or previously existing between them and to settle any rights to which either of them now has or may hereafter have or claim to have against the other and all rights of every kind, nature and description which either of them now has or hereafter have or claim to have against the other, or in or to any property of the other, whether real, personal, or mixed, now owned, to which may hereafter be acquired by  either of them, or any rights or claims in and to the estate of the other; the parties specifically acknowledge and reaffirm the terms and conditions of the Judgment for Legal Separation as to their waiver of maintenance past, present and future and as to the allocation of property as set forth therein.

**WHEREAS,** the Husband has employed and had the benefit of the counsel of JOHN L. FAY, of the LAW OFFICES OF FAY, FARROW &ASSOCIATES, P.C., as his attorney. The Wife has employed and had the benefit of the counsel of CHUCK ROBERTS of MOMKUS McCLUSKEY ROBERTS LLC., as her attorney. Each party also acknowledges that he and she is conversant with all the wealth, property, estate and income of the other and each has been fully informed of his and her respective rights in the premises and each declines to pursue further investigation or other discovery based on such facts and representation;

RMB
Initials

Page 2

Initials

**NOW, THEREFORE,** in consideration of the mutual and several promises and undertakings herein contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties do hereby freely and voluntarily agree as follows:

## ARTICLE I

### RIGHT OF ACTION

1.1     This Agreement is not one to obtain or simulate a Dissolution of Marriage.

1.2     Wife reserves the right to prosecute any action for Dissolution of Marriage which she has brought or may hereafter bring and defend any action which may be commenced by Husband. Husband reserves the right to prosecute any action for Dissolution of Marriage which he has brought or may hereafter bring and defend any action which may be commenced by Wife.

## ARTICLE II

### MAINTENANCE

2.1     Husband and Wife acknowledge that each waived any and all right to maintenance, past, present and future under the terms of the Judgment for Legal Separation, and each reaffirms and agrees that each is forever barred from receiving maintenance, past, present and future one from the other.

## ARTICLE III

### HEALTH CARE EXPENSES AND MEDICAL INSURANCE FOR THE PARTIES

3.1     Husband and Wife shall each be solely responsible for any healthcare expenses they have outstanding or shall incur in the future, and each shall save and hold the other harmless and indemnified against any claim, action or cause of action arising out of such healthcare claims.


Initials

Page 3

Initials

Except as otherwise provided herein, each party shall be solely responsible for their own health, hospitalization, and major medical insurance coverage without any claim or interest in the insurance plan available to the other. Wife specifically acknowledges that any right she may have to be covered under Husband's medical insurance plan through his employment terminates upon the effective date of this Agreement.

    3.2  Husband shall pay $500.00 per month toward Wife's health insurance costs until ~~April~~ May 1 ø, 2018, at which time this obligation shall cease.

**ARTICLE IV**

**PREVIOUSLY AWARDED PROPERTY PURSUANT TO**

**JUDGMENT FOR LEGAL SEPARATION**

    4.1  The parties acknowledge and reaffirm the terms and conditions set forth in the Judgment for Legal Separation entered into between them on June 2, 2005, allocating between the parties the real and personal property, including bank accounts, vehicles, furniture and furnishings, life insurance policies, retirement accounts, clothing, jewelry and other personal belongings, as well as the individually controlled properties referenced therein. Each party waives any claim or interest in said property awarded to the other.

**ARTICLE V**

**PROPERTY ACQUIRED SUBSEQUENT TO THE JUDGMENT FOR LEGAL**

**SEPARATION (NON-MARITAL PROPERTY)**

    5.1  Pursuant to 750 ILCS 5/503 (a), each party shall retain as their own separate property free and clear of any right, title or interest in same by the other, any property acquired by them

Initials                    Page 4                       Initials



subsequent to the entry of the Judgment for Legal Separation entered between the parties on June 2, 2005;

A.. Husband has acquired various assets subsequent to the Judgment for Legal Separation including but no limited to the following:

Real property commonly known as: 3 S 601 Glen Drive South, Warrenville, Illinois, which property is subject to a mortgage obligation solely in husband's name.

2015 Ford Explorer subject to a company loan

2009 Chevrolet Colorado vehicle subject to a loan

2013 Cadillac CTS vehicle subject to a loan

2006 Harley Davidson motorcycle

2014 Harley Davidson Motorcycle subject to a loan

Bank accounts solely in Husband's name which accounts include savings and checking accounts

Cement Mason Annuity

Household furniture and furnishings in his possession

Interests in retirement accounts in his name

Three (3) German Short-hair Pointers (Maggie, Leah, Trigger)

B. Wife has acquired various assets subsequent to the Judgment for Legal Separation including but not limited to the following:

~~2016 Jeep Cherokee automobile subject to a loan~~ RMB ⏆ᴋᴮ

2009 Cherokee Limited vehicle

various items of jewelry

RMB
Initials

Page 5

Gᴋᴮ
Initials

Bank accounts solely in Wife's name which accounts include savings and checking accounts

Household furniture and furnishings in her possession

Interests in retirement accounts in her name

5.2    The non-marital property identified in the Judgment for Legal Separation shall be awarded to each party as set forth in said Judgment.

5.3    Husband hereby assigns unto Wife all of his right, title and interest in and to his 2006 Harley Davidson motorcycle identified in provision 5.1 A. above. Said motorcycle shall be the sole and exclusive property of Wife, which is free and clear of any loan obligation.

5.4    Husband shall pay to Wife as a further property allocation the sum of $30,000.00 which amount shall be paid to Wife on or before December 1, 2017.

5.5    <u>Miscellaneous</u>:

Wife shall be entitled to watch/care-for/visit with the Husband's three dogs, Maggie, Leah and Trigger, whenever Husband is out of town over-night, and at such other times as the parties agree.

**ARTICLE VI**

**DEBTS AND OBLIGATIONS**

6.1    The parties hereto acknowledge that there are the following debts and obligations incurred by Husband subsequent to the entry of the Judgment for Legal Separation for which Husband is solely responsible:

Credit card debts in Husband's name only



Initials                                    Page 6                                    Initials

6.2     The parties hereto acknowledge that there are the following debts and obligations incurred by Wife subsequent to the entry of the Judgment for Legal Separation for which Wife is solely responsible:

Student loans

Credit card debts in Wife's name only.

6.3 The parties acknowledge and represent that there are no joint marital debts or obligations.

6.4     Each party further agrees to hold the other harmless and indemnified against any claim or action brought in connection with such debts assigned or allocated to them under this Agreement.

Obligations Husband has to Wife:

6.5     Husband shall pay Wife's car insurance premiums for her 2009 Jeep Cherokee automobile until April 6, 2018, at which time said obligation shall cease.

6.6  Husband shall pay Wife's annual motorcycle premium for her 2006 Harley-Davidson motorcycle until August 3, 2018, at which time said obligation shall cease.

**ARTICLE VII**

**ATTORNEYS FEES**

7.1     Husband shall pay to Wife the sum of $3,500.00 as and for his contribution toward her attorneys fees and costs. Except for the foregoing contribution, each party shall be solely responsible for payment of their own attorneys' fees incurred by them in connection with these proceedings and specifically waive any further contribution toward fees from the other.


Initials


Initials

## ARTICLE VIII

## AMENDMENT OF AGREEMENT

8.1   The parties agree and the Judgment shall provide that the terms hereof, shall not be modified by any Court hereafter unless the parties consent to such modification in writing and at such time when such written agreement is made part of a Court order.

## ARTICLE IX

## EQUITABLE DISTRIBUTION

9.1   The parties acknowledge and agree that the terms of this Agreement constitute an equitable division of the marital estate in accordance with the net fair market values of the assets and liabilities of said estate.  The transaction embodied in and necessitated by this Agreement do not constitute taxable transfers or events and are non-taxable subject to no gains or losses recognized or chargeable against either spouse; it is further understood and agreed between the parties that the division and distribution of their mutual estate is made in conformity with the Domestic Relations Tax Reform Act of 1984 and 1986 (26 U.S.C.A Sec. 1941, 1984 and 1986), as amended.

## ARTICLE X

## GENERAL PROVISIONS

10.1   Execution of Documents: Except as otherwise provided, each of the parties hereto shall execute, acknowledge and deliver upon the effective date of this Agreement, good and sufficient instruments as necessary and proper to vest titles and estates in the respective parties hereto, as hereinabove provided, and thereafter, at any time and from time to time, execute, acknowledge and deliver any and all documents which may be necessary or proper to carry out the


Initials

Page 8

Initials

purposes of this Agreement and establish of record the sole and separate ownership of the several properties of said parties in the manner herein agreed and provided. If either party hereto for any reason shall fail or refuse to execute any such documents, then this Agreement shall, and it is hereby expressly declared to, constitute a full and present transfer, assignment and conveyance of all rights herein above designated to be transferred, assigned and conveyed; and a full, present and effective relinquishment and waiver of all rights herein above designated to be relinquished and waived. To further implement the execution and delivery of any and all documents required for the transfer of real estate hereunder, the parties designate any judge or associate judge of the Circuit Court of Du Page County to execute and deliver any and all documents in the place and stead of the party herein so obligated.

10.2 <u>Mutual Release</u>: To the fullest extent by law permitted to do so, and except as herein otherwise provided, each of the parties does hereby forever relinquish, release, waive and forever quit claim and grant to the other, his or her heirs, personal representatives and assigns, all rights of alimony, dower, inheritance, descent, distribution, community interest and all other right, title, claim, interest and estate as husband and wife, widow or widower, or otherwise, by reason of the marital relation existing between said parties hereto, under present or future law, of which he or she otherwise has or might have or be entitled to claim in, to or against the property and assets of the other, real, personal or mixed, or his or her estate, whether now owned or hereafter in any manner acquired by the other party, or whether in possession or in expectancy, and whether vested or contingent. Each party further covenants and agrees for himself or herself, his or her heirs, personal representatives and assigns, neither of them will at any time hereafter sue the other, or his or her heirs, personal representatives and assigns, for purpose of enforcing any or all of the


Initials

Page 9


Initials

rights relinquished under this Agreement. Each party further agrees that in the event any suit shall be commenced this release, when pleaded, shall be and constitute a complete defense to any claim or suit so instituted by either party hereto; each party further agrees to execute, acknowledge and deliver at the request of the other party, his or her heirs, personal representatives, grantees devisees or assigns, any or all such deeds, release or other instruments and further assurances as may be required or reasonable required to effect or evidence such release, waiver relinquishment or extinguishment of such rights. Nothing herein contained shall operate or be construed as a waiver of lease by either party to the other of the obligation on the part of the other to comply with the provisions of this Agreement, or the rights of either party under this Agreement.

     10.3   <u>Waiver of Certain Rights</u>: Except as herein otherwise provided, each of the parties hereto hereby waives and relinquishes all rights to act as administrator or administrator-with-the-will-annexed of the estate of the other party. Each of the parties does further relinquish all right to inherit by intestate succession any of the property of which the other party may die seized or possessed, and should either of the parties hereto die intestate, this Agreement shall operate as a relinquishment of all right of the surviving party hereafter to apply for letters of administration in any form. The estate of such deceased party, if he or she dies intestate, shall descend to the heirs at law of such deceased party, in the same manner as though the parties hereto had never been married; each of the parties hereto respectively, reserving the right to dispose, by testament or otherwise of his or her respective property in any way that he or she may see fit, without any restriction or limitation whatsoever. Nothing herein contained shall operate or be construed as a waiver or release by either party of the obligation of the other to comply with the terms of this Agreement, or the rights of either party under this Agreement.

RMB
Initials

Page 10

Initials

10.4   Incorporation into Decree: In the event either Wife or Husband at any time hereafter

obtains a Decree of Dissolution of Marriage in the case presently pending between them, this

Agreement and all of its provisions shall be incorporated into any such Judgment of Dissolution,

either directly or by reference, but in no event shall this Agreement be effective or of any validity

unless a Judgment of Dissolution is entered in the pending case brought by Husband and referred

to hereinbefore. The Court on entry of the Judgment of Dissolution of Marriage shall retain the

right to enforce the provisions and terms of this Agreement which agreement shall be binding upon

and inure to the benefit of the heirs, executors, administrators, assigns, devisees and grantees of

the parties hereto.

10.5   Governing Laws: This Agreement shall be construed in accordance with the laws

of the State of Illinois, entirely independent of the forum and political jurisdiction where it may

come up for a construction or enforcement. If a Court of competent jurisdiction at any time after

entry of Judgment for Dissolution of Marriage holds that a portion of this Agreement is invalid,

the remainder shall not be affected thereby and shall continue in full force and effect. The parties

agree that Illinois is the jurisdiction having the greatest interest in the subject matter of this

Agreement in that the Agreement was prepared and executed in Illinois, and that the Petitioner and

Respondent are residents of Illinois. The parties choose and desire for the same of certainty as well

as other consideration to be bound by the law of Illinois.

10.6   To the maximum extent permitted by law, all transfers of property herein shall be

considered as a transfer of property incident to the parties' divorce, pursuant to IRC section 1041.

10.7   Should any provision of this Agreement require interpretation or construction, all

parties agree that any presumption that may exist that a document or agreement is to be interpreted


Initials

Page 11

Initials

or construed more strictly against the party who prepared such document shall not apply, it being

agreed that all parties have participated and/or had the opportunity to participate in the preparation

of all of the provisions of this Agreement.

    **IN WITNESS WHEREOF,** the Husband and Wife have hereunto set their respective

hands and seals the day and year first above written.

_____      _____
**ROBERT M. BELLIS,** Husband        **AMY E. BELLIS,** Wife

FAY, FARROW & ASSOCIATES, P.C.
Attorneys for the Petitioner
1730 Park Street, Suite 109
Naperville, IL 60563
630-961-0060
Du Page County Atty No.25003

Initials                    Page 12                  Initials